An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-962

Filed 5 August 2026

Buncombe County, Nos. 22CVS003602-100, 22CVS004742-100

JAMES HAMILTON and KRISTINA HAMILTON, Petitioners,

v.

TOWN OF MONTREAT, NORTH CAROLINA; WADE BURNS and SUSIE BURNS, Respondents.

Appeal by respondents from judgment entered 17 June 2025 by Judge Marvin P. Pope in Buncombe County Superior Court. Heard in the Court of Appeals 14 July 2026.

> *Holman Law, PLLC, by E. Thomison Holman, and James Hamilton, pro hac vice, for petitioners-appellees James Hamilton and Kristina Hamilton.*

> *Allen, Stahl, & Kilbourne, PLLC, by J. Brandon Freeman, Derek J. Allen, Robert C. Carpenter, and Jesse Swords, for respondent-appellee Town of Montreat, no brief filed.*

> *The Brough Law Firm, PLLC, by T.C. Morphis, Jr., for respondents-appellants Wade Burns and Susie Burns.*

PER CURIAM.

Wade and Susie Burns ("the Burns") appeal from a civil judgment reversing the Certificate of Zoning Compliance ("Certificate") and two Variances granted by the

Montreat Board of Adjustment ("BOA"). For the following reasons, we dismiss the appeal.

I.     Background

The Burns own real property located at 778 Foreman Siding in the Montreat Extraterritorial Jurisdiction ("Burns Property"), purchased on 17 December 2021. James Hamilton ("Mr. Hamilton") owns real property located at 780 Foreman Siding in the Montreat Extraterritorial Jurisdiction, adjacent to the Burns Property. Mr. Hamilton's house was built in 1908 by his grandfather.

The Town of Montreat General Ordinances, Chapter K Environment — Environment, Article III: Stormwater Management, Section 305 ("Section 305") sets out requirements for vegetated buffers where there is surface water present on property. Section 305.1 reads:

> All built-upon area shall be at a minimum of 30 feet landward on all sides of any surface water as measured horizontally on a line perpendicular to a vertical line marking the edge of the top of the bank. A perennial or intermittent surface water shall be present if the feature is approximately shown on either the most recent version of the soil survey map prepared by the Natural Resources Conservation Service of the United States Department of Agriculture or the most recent version of the 1:24,000 scale (7.5 minute) quadrangle topographic maps prepared by the United States Geologic Survey (USGS). An exception to this requirement may be allowed when surface waters are not present in accordance with the provisions of 15A NCAC 2B .0233 (3) (a) or similar site-specific determination made using Division of Water Quality-approved methodology.

The Burns intended to build their retirement home on the Burns Property. The most recent version of the 1:24,000 scale (7.5 minute) quadrangle topographic map prepared by the United States Geologic Survey ("USGS Map") shows surface water running through the Burns Property. On 25 June 2021, an on-site determination found the surface water to be an ephemeral stream. On 4 February 2022, in accordance with the requirements of Ordinance Section 301.1, the Burns applied to Montreat BOA for the Certificate needed to begin construction and attached the surface water determination to that application.

Mr. Hamilton received actual notice of the Certificate via email from the Zoning Administrator on 14 April 2022, and appealed the Zoning Administrator's determination 20 April 2022. BOA held a quasi-judicial hearing on Mr. Hamilton's appeal on 28 July 2022 and continued to 4 August 2022. BOA affirmed the Zoning Administrator's decision granting the Certificate. On 21 September 2022, Mr. Hamilton appealed the Certificate to Superior Court.

On 14 September 2022, the Burns submitted an application for a Variance to reduce the front yard setback from 30 feet to 15 feet and a Variance to reduce the side yard setback from 15 feet to 13 feet. The application complied with Montreat Zoning Ordinances Section 503.5 and 503.81. On 27 October 2022, following a quasi-judicial evidentiary hearing, BOA granted the Variance applications. In the order, Finding of Fact 8 lists the findings required to grant the Variances. BOA found the following Facts to support granting the Variances:

11) The Applicant presented sworn testimony about the small dimensions and steep topography of the Subject Property, the limited locations for a septic field on the Subject Property, and the ephemeral stream crossing the Subject Property. The Applicant presented a supplemental memo in support of granting the Variance . . . .

12) The Board determined, based on DiCristina's evidence, that the minimum Variance needed to the front setback required along the Foreman Siding Road to bring the proposed front steps into compliance with the Ordinance was a reduction of 11 feet to reduce the required 30 foot setback (Section 503.5 MZO) to 19 feet.

12) [sic] Competent, material and substantial evidence was presented by the Applicant to show the following requirements were met:

a. Unnecessary hardship would result from the strict application of the Ordinance. It shall not be necessary to demonstrate that, in the absence of the Variance, no reasonable use can be made of the property.

b. The hardship results from conditions that are peculiar to the property, such as location, size, or topography. Hardships resulting from personal circumstances, as well as hardships resulting from personal circumstances, as well as hardships resulting from conditions that are common to the neighborhood or the general public, may not be the basis for granting a Variance.

c. The hardship did not result from actions taken by the applicant or the property owner. The act of purchasing property with the knowledge that circumstances exist that may justify the granting of a Variance shall not be regarded as a self-created hardship.

d. The Variance is consistent with the spirit, purpose and intent of the Ordinance such that public safety is secured and substantial justice is achieved.

e. A Variance for an eleven foot reduction of the front setback to nineteen feet is the minimum Variance that will make possible the requested Use of the land, Building or Structure.

f. The Variance is not a request to permit a Use of land, Building or Structure which is not permitted in the applicable Zoning District.

Mr. Hamilton appealed the grant of the Variances to Superior Court.

The Superior Court consolidated Mr. Hamilton's appeals. On 17 June 2025, the court reversed the Certificate and Variances. The Burns timely appealed.

## II.    Discussion

Although neither party raises this issue, we must address whether this appeal is properly before this Court. *See Akers v. City of Mount Airy*, 175 N.C. App. 777, 778 (2006) ("[When faced with] a jurisdictional issue, this Court has an obligation to address the issue sua sponte regardless [of] whether it is raised by the parties." (citation omitted)). Respondent erroneously contends: "The Superior Court's 17 June 2025 Order is a final judgment on the merits and is appealable of right pursuant to N.C. Gen. Stat. § 7A-27(b)(1)." It is plainly not. To the contrary, it is an interlocutory order reversing the Board's decision and remanding this matter to the Board for a new hearing and determination.

"An interlocutory order . . . is one made during the pendency of an action which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Coates v. Durham Cnty.*, 266 N.C.

App. 271, 272 (2019) (citation and quotation marks omitted); see also *Veazey v. City of Durham*, 231 N.C. 357, 361–62 (1950) (contrasting this definition of an interlocutory order with definition of a final judgment, which is "one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." (citations omitted)).

> [T]his Court has consistently held that an order by a superior court, sitting in an appellate capacity, that remands to a municipal body for additional proceedings is not immediately appealable. *See, e.g., Heritage Pointe Builders*[ *v. N.C. Licensing Bd. of General Contractors*], 120 N.C. App. [502,] 504 (1995) (appeal of superior court's remand to a licensing board for rehearing dismissed as interlocutory); *Jennewein v. City Council of the City of Wilmington*, 46 N.C. App. 324, 326 (1980) (appeal of superior court's remand to a city council for a de novo hearing dismissed as interlocutory).

*Akers*, 175 N.C. App. at 779–80 (appeal of superior court's remand to a board of commissioners for further proceedings dismissed as interlocutory).

Here, the Burns appeal from an Order remanding the case to the BOA. Because this Order "remands to a municipal body for additional proceedings[,]" *see id.*, this appeal is interlocutory, *see Coates*, 266 N.C. App. at 272.

"A party may appeal an interlocutory order if either: (1) the trial court certifies there is no just reason to delay appeal under N.C. Gen. Stat. § 1A-1, Rule 54(b)[;] or (2) if delaying the appeal would affect a substantial right." *Id.* at 273 (citation omitted). Here, the trial court's Order does not contain a Rule 54(b) certification; therefore, we consider whether the Order affects a substantial right.

"A substantial right 'is a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which [one] is entitled to have preserved and protected by law: a material right.' " *Gilbert v. N.C. State Bar*, 363 N.C. 70, 75 (2009) (quoting *Oestreicher v. Am. Nat'l Stores, Inc.*, 290 N.C. 118, 130 (1976)). The burden is on the appellant to establish that "the order [appealed from] deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379 (1994) (citations and quotation marks omitted). Further, "[i]t is not the duty of this Court to construct arguments for or find support for [the] appellant's right to appeal from an interlocutory order[.]" *Id.* at 380 (citations omitted).

Moreover, Rule 28(b)(4) of our Rules of Appellate Procedure requires that "[w]hen an appeal is interlocutory, the statement [of the grounds for appellate review in the appellant's brief] must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C. R. App. P. 28(b)(4) (2025). Our Court has noted that in the context of interlocutory appeals, a violation of Rule 28(b)(4) is jurisdictional and requires dismissal. *See Larsen v. Black Diamond French Truffles, Inc.*, 241 N.C. App. 74, 77–78 (2015) ("[W]hen an appeal is interlocutory, Rule 28(b)(4) is not a 'nonjurisdictional' rule. Rather, the only way an appellant may establish appellate jurisdiction in an

interlocutory case (absent Rule 54(b) certification) is by showing grounds for appellate review based on the order affecting a substantial right.").

In the instant case, Respondents have neither addressed the interlocutory nature of the Order being appealed nor offered in their statement of grounds for appellate review any substantial right that would be affected absent review prior to a final determination on the merits. Thus, this appeal is interlocutory, and Respondents have failed to show that a substantial right would be lost absent immediate appeal. Therefore, we lack jurisdiction to review this matter on the merits. Consequently, we must dismiss this appeal. *See Coates*, 266 N.C. App. at 274–75.

### III.    Conclusion

Accordingly, for the foregoing reasons, we dismiss the appeal for lack of appellate jurisdiction.

DISMISSED.

Panel consisting of Judges ARROWOOD, HAMPSON, and FREEMAN.

Report per Rule 30(e).